# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR ESTUPINAN-SOLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-753-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judge.

PER CURIAM:[*]

Victor Estupinan-Solis (Estupinan) appeals his 53-month sentence for illegal reentry. He contends that his sentence, which falls within the applicable guidelines range, is substantively unreasonable and greater than necessary in light of the 18 U.S.C. § 3553(a) factors.

This court reviews the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50354

discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). As Estupinan properly concedes, his argument that the presumption of reasonableness should not apply in his case because U.S.S.G. § 2L1.2 lacks an empirical basis is foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

We have rejected previously Estupinan's argument that § 2L1.2's double-counting of a prior conviction in the calculation of a defendant's offense level and criminal history score necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Likewise, we have rejected substantive reasonableness challenges based on the alleged lack of seriousness of illegal reentry. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The district court, which was "in a superior position to find facts and judge their import under § 3553(a)," acknowledged Estupinan's mitigating arguments but concluded that a sentence near the middle of the guidelines range was appropriate in light of his criminal history. Estupinan has failed to make the showing necessary to rebut the presumption of reasonableness afforded his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

**AFFIRMED.**